# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

2009 NOV 17 PM 10: 25

SEABOARD CONSTRUCTION COMPANY, :          CIVIL ACTION

    Plaintiff,          :

v.          :

THE WEITZ COMPANY, LLC and          :
FEDERAL INSURANCE COMPANY,
          :
    Defendants.          NO. CV208-105

## O R D E R

Plaintiff, Seaboard Construction Company, filed the above-captioned case against Defendants, the Weitz Company, LLC, and Federal Insurance Company, asserting claims for breach of contract, unjust enrichment, open and stated account, and on a payment bond. The Court has diversity jurisdiction.

Presently before the Court are the parties' cross-motions for summary judgment. Because genuine issues of material fact remain in dispute regarding whether this suit was brought within the contractual limitations period, Defendants' motion will be **DENIED** in part. Because Plaintiff's lien was filed prematurely as a matter of law, and because Plaintiff has abandoned its other claims, Defendants' motion will be **GRANTED** in part.

Because genuine issues of material fact remain in dispute regarding whether Weitz can avoid its payment obligations to its subcontractors based on the "pay when paid" clause, Seaboard's summary judgment motion will be **DENIED** in part. Because Weitz cannot avoid its payment obligations to its subcontractors based on the same delay damages that it asserted and settled in prior litigation with the owner of the property, Coastal Community Retirement Corporation ("CCRC"), Seaboard's motion will be **GRANTED** in part.

**BACKGROUND**

CCRC hired Weitz as a general contractor on a construction project to build Marsh's Edge, a retirement community on St. Simons Island, Georgia. Weitz retained Southeast Land Developers, Inc. as a subcontractor on the project. In turn, Southeast Land subcontracted with Seaboard to pave certain roads on the project. According to Seaboard, its work was satisfactory. Nonetheless, Seaboard contends, Weitz refused to pay it all the money it was owed on the project, and Plaintiff submits that a principal amount of $171,513.52 remains unpaid.

2

AO 72A
(Rev. 8/82)

According to Seaboard, before construction was completed, but after Weitz refused to make timely payments, it filed a lien claim on the Marsh's Edge property, which was discharged by Weitz and Federal Insurance Company by the filing of a bond.

In a prior action filed in the Superior Court of Glynn County, Seaboard obtained a judgment against Southeast Land for $221,379.59, plus interest at the rate of eighteen percent a year, for its work at Marsh's Edge. Southeast Land assigned its right to payment under its contract with Weitz to Seaboard, and Seaboard contends that Southeast Land was not paid in full by Weitz for the work performed by Southeast Land and Seaboard, in an amount exceeding the total amount due to Seaboard.

In this action, Seaboard, as assignee of Southeast Land, is asserting Southeast Land's right to payment under Southeast Land's subcontract with Weitz. According to Plaintiff, over $300,000 is due to Southeast Land from Weitz under the subcontract. Seaboard also seeks to recover on its own lien claim, or rather, against the bond posted by Weitz and Federal.

According to Seaboard, on February 28, 2006, it stopped working on the Marsh's Edge project due to non-payment for

3

the work it had completed, and filed a lien claim on April 27, 2006. According to Seaboard, to induce it to return to complete the asphalt paving on the project, Weitz agreed to pay Seaboard via joint checks for the remainder of its work on the project. Pursuant to this agreement, on or about June 27, 2006, Weitz issued a joint check to Southeast Land and Seaboard, in the amount of $351,442.77. Seaboard alleges that, after applying this sum first to the accrued interest and then to the principal, a balance of $132,759.67 remains on Seaboard's lien claim.

On August 19, 2008, Plaintiff filed this action against Defendants. In Count One of Seaboard's complaint, it asserts a breach of contract claim against Weitz, as Southeast Land's assignee. In Count Two, Seaboard asserts a claim for unjust enrichment against Weitz. In Count Three, Seaboard asserts an open and stated account claim against Weitz. In Count Four, Seaboard asserts a claim on a payment bond against both Weitz and Federal.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to

4

interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor[,]" United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

The parties have filed cross-motions for summary judgment. Weitz states that Seaboard's claims are barred under Georgia law for several reasons. First, Weitz argues that the assignment from Southeast Land to Seaboard is ineffective because it was a partial assignment. Weitz also contends that the breach of contract claim is barred because suit was not filed within the one-year contractual limitations period, and because the contract bars assignment absent its consent, which was not given. Next, Weitz contends that the unjust enrichment and open and stated

AO 72A
(Rev. 8/82)

account claims fail as a matter of law, which Seaboard does not dispute. Finally, Weitz posits that Seaboard's payment bond claim fails because the lien was filed prematurely.

Seaboard's motion for summary judgment asserts that Weitz cannot avoid its payment obligations based on Weitz's assertion that Southeast Land caused any delay damages on the project, and urges that Weitz cannot avoid its payment obligations based on an argument that Weitz has not received payment in full from CCRC. The Court will consider the parties' arguments in turn.

## DISCUSSION

### I. Weitz's Motion for Summary Judgment

<u>A. Partial Assignment</u>

Weitz submits that Seaboard's breach of contract claim is barred under Georgia law because Seaboard received only a partial assignment from Southeast Land. It is undisputed that the assignment from Southeast Land to Seaboard purports to limit collection by Seaboard from Weitz to the amount owed by Southeast Land to Seaboard. That is, Seaboard may not collect the full amount due to Southeast Land from Weitz, if that sum is greater than that owed to Seaboard.

6

Notwithstanding this fact, Seaboard insists that the assignment is a full and complete assignment that assigns all sums due under the contract. Seaboard asserts that the language of the assignment is plain and unambiguous: it assigns to Seaboard the right to "all sums now due or to become due" under Southeast Land's contract with Weitz. The Court agrees.

> It is well settled in this State that a partial assignment of a debt due to the assignor will not vest in the assignee such a title to the part of the debt assigned as can be enforced by the assignee in a common-law action, without the assent of the debtor. The reason upon which this principle has been stated to rest is that a debtor has a right to stand upon the contract with his creditor as originally made, and to pay the debt as a whole. So at law the creditor can not divide an obligation to pay him a stated sum of money into fragments, and assign them to a number of different persons, thereby subjecting the debtor to the annoyance of more than one claim being presented to him, growing out of the single contract, or putting him to the necessity of defending more than one suit for the same cause of action in case he has a defense to the contract as originally made.

Graham v. Southern R. Co., 173 Ga. 573, 575 (2004).

Because Southeast Land did not retain any rights against Weitz under the assignment, the assignment was full, not partial, even though Seaboard's right to enforce any judgment obtained from Weitz on Southeast Land's behalf is limited. Under Georgia law, there can be a full assignment of rights

7

that limits the assignee's right to collect. Such an assignment is permissible given that the debtor will not face a multiplicity of suits, which was accomplished in this instance by the full assignment of the Southeast Land's rights.

Contrary to Weitz's contention, the assignment does not reconvey any right to collect further amounts to Southeast Land. If Seaboard demonstrates that Weitz owes a certain sum to Southeast Land, and the Court enters judgment in Seaboard's favor for a lesser amount, Weitz would not be in any position to complain. <u>Pullman Co. v. Schaffner</u>, 126 Ga. 609, 609 (1906). Summary judgment is not proper in Weitz's favor on this basis.

## B. Contractual Limitations Period

The Weitz-Southeast Land subcontract required the subcontractor to file any suit within "one year of final completion of the Project." Weitz submits that its last work on the project was April 6, 2007, so this lawsuit is untimely.

As Defendant notes, the Georgia Court of Appeals upheld a contract that required a contractor to bring suit "within 120 days after receipt of final payment under this contract

8

or within six months of a written request by the [Housing Authority] that he submit a final voucher and release, whichever time is the lesser." <u>Rabey Elec. Co. v. Hous. Auth. of Savannah</u>, 190 Ga. App. 89, 90 (1989).

The <u>Rabey</u> court explained that

> While the statute of limitation for actions on simple contracts in writing is six years, O.C.G.A. § 9-3-24, "[t]he Georgia courts have permitted parties to contract as to a lesser time limit within which an action may be brought so long as 'the period fixed be not so unreasonable as to raise a presumption of imposition or undue advantage in some way.' . . . If not reasonable . . . , then it is not permitted regardless of the parties' freedom to contract."

<u>Id.</u> (quoted sources omitted).

Seaboard rejoins that work required under the contract between Weitz and CCRC was performed as late as June 2008, and that Seaboard sued on August 19, 2008. Seaboard maintains that this date, in June 2008, was the "final completion of the Project." Seaboard asserts that the provision does not require suit to be filed within a year of Weitz's last work on the project, which is immaterial. The parties concede that neither "final completion" nor "project" are defined by the contract. However, Plaintiff insists that the plain meaning of "final completion" is that all work

9

contemplated by the contract is done.[1]

According to Matthew Hogdon, President of the Board of Directors of CCRC, it was performing work under Weitz's contract with CCRC until about June 2008. Dkt. No. 33, Ex. H ¶ 5. The dispute between Weitz and CCRC over completion of the work and the right to final payment led to a lawsuit in this Court, which was filed by Weitz against CCRC on August 14, 2007. That litigation was settled by CCRC for $2 million, which was paid to Weitz.

While Weitz states that it completed its work under the contract on April 6, 2007, it admits that contrary evidence has been submitted by Seaboard. Notwithstanding the factual dispute, Weitz contends that its last day of work should be the sole determinant of the contractual limitations period. Weitz suggests that Seaboard should have filed suit and then asked the Court to stay the action pending payment by the

---

[1] The Court rejects Seaboard's reliance on the case of U.S. Fidelity & Co. v. Rome Concrete Pipe, Co., 256 Ga. 661, 662-663 (1987), which is distinguishable. In Rome Concrete, the applicable statute stated that the limitations period started "after one year from the completion of the contract and the acceptance of the . . . public work by the proper public authorities." Id. at 661. The court rejected a reading of "completion of the project" to include the public authority's determination that the project was complete according to its own internal polices, because such an interpretation would allow the public authority to manipulate the contract and foreclose any suit by stating that the work was not completed under its own policies or procedures. See Ga. Code Ann. § 36-82-105.

10

owner. The Court declines to find that Seaboard was obliged to take this course or forfeit its rights. Such a suggested placeholder suit would be speculative, unnecessary, and would cause additional costs for litigants and the legal system.

As Weitz appears to concede, the Court finds that there is a question of fact regarding "final completion" under the contract. S. Elec. Supply Co. v. Trend Constr., Inc., 259 Ga. App. 666, 672-73 (2003). As the Southern Electric Supply court explained, if Weitz had not completed its original contract work as of April 6, 2007, and if that work was actually finished in June 2008, as Plaintiff's evidence suggests, then this lawsuit was filed in a timely fashion. Determination of the material facts at issue rests with the jury, and summary judgment is not appropriate in Weitz's favor based on the contractual limitations period.


C. Anti-Assignment Clause

Weitz also asserts that the breach of contract claim is barred because its consent was not obtained for the assignment, as the subcontract required. "Where the assignment is subject to specified conditions, that assignment does not become effective until the happening of the conditions." Accurate Printers, Inc. v. Stark, 295 Ga.

11

App. 172, 175-76 (2008)(quoted source omitted).

Plaintiff rejoins that, under Georgia law, once a party to a contract performs its obligations under a contract, its right to enforce the other party's liability for payment under the contract may be assigned without the other party's consent, even if the contract contains an anti-assignment clause. Mail Concepts, Inc. v. Foote & Davies, Inc., 200 Ga. App. 778, 781 (1991). Likewise, Georgia Code section 44-12-22 provides, in pertinent part, that "all choses in action arising upon a contract may be assigned so as to vest the title in the assignee."

Weitz argues that Mail Concepts is limited to situations where the assignor performed all its obligations under the contract. Because that did not occur here, according to Weitz, Accurate Printers governs. Weitz maintains that Southeast Land did not fully perform its subcontract work, much of which was performed at Weitz's expense. Defendant contends that this resulted in backcharges and delay damages, which would be recoverable by Weitz under the Weitz-Southeast Land subcontract.

The Court rejects Weitz's position. As the Court explains below, Weitz cannot avoid its payment obligations via a set off based on delay damages that it now attributes

12

to Southeast Land regarding the Wesley Manor and Commons buildings on the project. Work on the project is complete, and Weitz's contract with Southeast Land is no longer executory. Because the anti-assignment clause is unenforceable under these circumstances, Weitz is not entitled to judgment as a matter of law because of that contractual provision.

## D. Unjust Enrichment and Account Claims

Weitz argues that Seaboard's unjust enrichment and account claims, which are Counts Two and Three of the complaint, fail because there was an express contract here, and the action must rest on it. Am. Teleconferencing Servs. v. Network Billing Sys., LLC, 293 Ga. App. 772, 777-78 (2008). Seaboard's failure to oppose summary judgment on these counts demonstrates abandonment of these claims. It is well-settled in this Circuit that "the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995). Summary judgment is proper in Weitz's favor as to these claims.

AO 72A
(Rev. 8/82)

## E. Payment Bond Claim

Weitz urges that Count Four is barred because the underlying lien claim was filed prematurely, given that Seaboard performed work under the subcontract after its lien was recorded. Tri-City Constr. Co. v. Sandy Plains P'ship, 206 Ga. App. 506, 507 (1992). "[T]he materialman's lien statute is in derogation of common law and must be strictly construed in favor of the property owner and against the materialman." U.S. Filter Distrib. Group, Inc. v. Barnett, 241 Ga. App. 759, 760 (1999).

Seaboard rejoins that a jury could find that the work done after the lien was filed was pursuant to a new agreement with Weitz. Weitz responds that this argument is insubstantial, and the Court agrees, under the facts presented here. As Weitz notes, Seaboard's argument is contradicted by the testimony of Seaboard's president. Dkt. No. 33, Swan Dep. 48. In addition, it is significant that Seaboard did not file a claim in this case for a breach of any direct contractual relationship. These facts severely undercut Plaintiff's argument.

As Weitz notes, the situation is not unusual: Where payment problems arise and a subcontractor ceases work, Weitz

14

acknowledges that the subcontractor should file a timely lien. Yet, generally speaking, after the work restarts, the lien is no longer valid because it was filed before the contract work was completed. According to Weitz, if the contractor and subcontractor reach an agreement and work continues under the subcontract, the lien would have to be released. Indeed, the parties executed such a release and waiver in this case. Thereafter, if amounts remain unpaid after the _true_ last date that the subcontractor supplies labor or materials, then the subcontractor could file a second lien, which Seaboard failed to do.

Seaboard submits that it can have two separate liens for work done under one contract, so long as there is a work stoppage at some point during the project. This argument is not supported by Georgia lien law. <u>See</u> Ga. Code Ann. § 44-14-361.1. Under Georgia law, the last date of work necessary to complete the claimant's contract controls. <u>Schwan's Sales Ent., Inc. v. Martin Mech. Contractors, Inc.</u>, 202 Ga. App. 510, 510-11 (1992).

Seaboard admits that its work was not done until months after its lien was recorded. For this reason, the Court concludes that the lien is invalid as a matter of law. Summary judgment is appropriate in Defendants' favor on Count

15

IV, the payment bond claim.

## II. Seaboard's Motion for Summary Judgment

A. Delay Damages

Weitz maintains that it does not have to pay any money owed to Southeast Land because Southeast Land owes Weitz damages in excess of the balance owed by Weitz to Southeast Land. In Seaboard's motion for summary judgment, it posits that Weitz cannot avoid its payment obligations based on an contention that Southeast Land was responsible for any delay damages.

As Seaboard notes, Weitz previously blamed the owner, CCRC, for these same delays and has already recovered for those delay damages from CCRC. The Court agrees that Weitz cannot have a double recovery in the form of a set off. "There can be but one satisfaction of the same damage or injury[.]" <u>Edmondson v. Hancock</u>, 40 Ga. App. 587, 591 (1929). Weitz accepted $2 million in settling its claims against CCRC, which is an accord and satisfaction of the claims made by Weitz in that lawsuit.

> That there can be but one satisfaction for the same cause of action is elementary, and the justness of the rule must appeal to every one not possessed of "an unnatural insensibility to the

16

essential fitness of things." No matter what right of election the plaintiff may have as to choice of remedies, or as to whom he shall sue or join as parties defendant, or as to waiving tort and suing on contract; still when once he has received satisfaction for the cause of action, his right to further sue in any form forever ends. "A plaintiff may pursue any number of consistent concurrent remedies against different persons until he obtains satisfaction from some of them."

McLendon Bros. v. Finch, 2 Ga. App. 421, 427 (1907)(quoted source omitted); Mathis v. Melaver, Inc., 206 Ga. App. 392, 393-94 (1992).

Weitz concedes that delay damages against the owner as to the Commons and the Wesley Manor buildings were included in the litigation it commenced against CCRC. Still, Weitz contends that the record does not reflect what time period, or what dollar amount, the delay damages sought by Weitz from the owner in the prior suit were, so it cannot be said that the damages caused by Southeast Land are the same damages. Weitz maintains that where settlement is pled as an estoppel, "the burden is upon the party relying thereon to sustain the plea by showing that the particular matter in controversy was necessarily or actually determined in the former litigation." Glisson v. Burkhalter, 31 Ga. App. 365, 366-67 (1923); French v. Jinright & Ryan, P.C. Architects, 735 F.2d 433 (11th Cir. 1984).

17

Seaboard rejoins that Weitz ignores its own admissions in this case and the fact that there is only one period of delay relating to the Commons and Wesley Manor. In other words, there is a finite period that Weitz failed to timely deliver completion of these projects. According to Weitz, delivery of the Commons and Wesley Manor was due on December 13, 2005, but did not occur until March 1, 2006. Dkt. 23, Ex. 2, Sinnwell Aff., Ex. D. That seventy-seven day period is the only period of delay, and it cannot be attributed to both CCRC and Southeast Land, as Weitz is attempting to do. Dkt. No. 33, Ex. H, Hogdon Aff. ¶ 6; Dkt. No. 24, Ex. A, Bonus Dep. 12-13.

"Admissions contained in the pleadings of one party, 'made and filed by him in another case, are admissible in evidence against him when pertinent to a question involved in the case on trial.'" Kelly v. Chrysler Corp., 129 Ga. App. 447, 451 (1973) (quoting Cent. of Ga. R. Co. v. Goens, 30 Ga. App. 770, 770 (1923)). "Having charged that party as solely at fault, and having accepted a sum in settlement and release of all claims against the party he claimed to have been solely responsible, he cannot pursue another party under another theory completely contradictory and inconsistent with the contentions made in the first suit." Id.

18

As Seaboard has noted, the claim was resolved in the prior case because no claim was specifically reserved or excepted from the settlement. "Settlement is, in and of itself, generally construed to be a final disposition of any claim against a party to settlement by a party to the settlement arising out of the subject incident, <u>unless remaining claims are specifically reserved by any of the parties</u>." <u>City of Demorest v. Roberts & Dunahoo Props., LLC</u>, 288 Ga. App. 708, 711 (2007).

In sum, Seaboard is entitled to summary judgment as to Weitz's contention that certain delay damages attributable to Southeast Land allow it to avoid its payment obligations in this action. The Court finds that this position is without merit.


B. Payment from CCRC as Condition Precedent

Additionally, Weitz posits that it does not have to release the unpaid balance to Seaboard because it has not received payment in full from CCRC. Seaboard rejoins that Weitz has in fact received "payment in full" via the accord and satisfaction it entered into with CCRC when it settled that litigation for $2 million. Weitz responds that it does

AO 72A
(Rev. 8/82)

not deny an accord and satisfaction with CCRC, but does dispute Seaboard's argument that a nonparty to the claims settled can somehow turn this shield into a sword, and use the settlement offensively to prove that full payment was in fact received from the owner.

The Court agrees with Weitz that the cases cited by Seaboard involve accord and satisfaction as a defense to a suit against a party to the accord. See Gibson v. Filter Queen Co., 109 Ga. App. 650, 651 (1964); Thurmond v. Peoples Auto. Loan & Fin. Corp., 118 Ga. App. 844, 844-45 (1968); Kendrick v. Kalmanson, 244 Ga. App. 363, 365 (2000); Hartline-Thomas, Inc. v. H.W. Ivey Constr. Co., 161 Ga. App. 91, 94 (1982); Johnson v. M. B. Logan & Sons, Inc., 150 Ga. App. 683, 684-85 (1979); White Repair & Contracting Co. v. Ga. Roofing & Metal Co., 152 Ga. App. 92, 92-94 (1979).

For that reason, the Court does not find that Seaboard is entitled to summary judgment as to its "accord and satisfaction" argument. Moreover, the Court does not find that Plaintiff has demonstrated that the exhibits introduced in this case show that there is no genuine issue of material fact as to whether Weitz may assert a lack of payment from CCRC as a legal defense to payment owed to Southeast Land and/or Seaboard.

20

According to Weitz, the evidence·shows that Weitz was not paid in full under the general contract, nor was it paid in full for the work under that contract within Southeast Land's scope of work. Thus, Weitz denies that it is obliged to pay the amounts claimed to be owed to Southeast Land under the contract. The Court agrees that there are questions of fact regarding what amount Weitz owes Southeast Land or Seaboard, if any, based on the payments Weitz received from CCRC under Southeast Land's scope of work.

**CONCLUSION**

For the reasons explained above, Defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in part. Dkt. No. 23. Genuine issues of material fact preclude summary judgment as to Count I of Plaintiff's complaint, but Defendants are entitled to judgment as a matter of law as to Counts II, III, and IV. Given that the Court has found that the only claim pled against Federal Insurance Company is not legally tenable, the Court hereby **DISMISSES** Federal from the case.

Likewise, Plaintiff's motion for summary judgment is **GRANTED** in part and **DENIED** in part. Dkt. No. 25. While

21

Weitz is barred as a matter of law from asserting any delay damages attributable to Southeast Land allow it to avoid its payment obligation in this action, genuine issues of material fact remain in dispute regarding Weitz's defense to payment based on its assertion that it has not receive full payment from the owner of the property, CCRC.

**SO ORDERED**, this _____16th_____ day of November, 2009.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)